

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

David M. Pollack
*Assistant Corporation Counsel*
*Special Federal Litigation Division*
Tel.: (212) 788-1894
Fax: (212) 788-9776



# MEMO ENDORSED

July 2, 2008

BY FACSIMILE TRANSMISSION
(212) 805-7917
Honorable Robert P. Patterson
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/08
```

Re: Steven Arroyo v. City of New York, et al., 08 CV 5315 (RPP)

Dear Judge Patterson:

    I am the Assistant Corporation Counsel handling the defense of this action on behalf of Defendant City of New York (the "City"). I am writing to request an extension of time to answer or otherwise respond to the complaint, from July 7, 2008 to September 5, 2008. I have conferred with plaintiffs' counsel, George D. Wachtel, Esq. and he has consented to the requested extension.

    I note for the Court's information that according to the civil docket sheet, the other individually named defendant in this action, Police Officer Joseph Petrillo was purportedly served with process on June 12, 2008. A decision concerning this Office's representation of the individual Defendant has not yet been made and accordingly, this request for an extension of time is not made on his behalf. However, given the time involved in determining representation of the named officers, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of all defendants.

    There are several reasons for seeking the extension. In his complaint, plaintiff alleges he was subjected to excessive force. It may well be that this case is more appropriately stayed as we are attempting to determine if plaintiff's criminal case is still pending. Paragraph 22 of plaintiff's complaint would suggest that it was pending at the time of the filing of the complaint. However, the stay issue will remain moot until we can determine the relevant facts. In any event, in order to respond to plaintiff's allegations, we will need to obtain records of the underlying criminal case.

    The enlargement will allow this office time to conduct an inquiry to determine whether it could represent the other named defendant in this action, See General Municipal Law § 50(k);

Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Defendants must then decide whether they wish to be represented by the Corporation Counsel, see Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984). Only then can this office interview Defendants for the purposes of responding to the complaint.

No previous request for an extension has been made by either party. There are no scheduled conferences that will be affected by this proposed extension. Accordingly, it respectfully requested that the Court grant the City's application to extend its time to answer or otherwise respond to the complaint from July 7, 2008 to September 5, 2008.

Respectfully submitted,

David M. Pollack (DMP 3873)
Assistant Corporation Counsel

cc: By Facsimile Transmission
(212) 529-0644
George D. Wachtel, Esq.
119 West 23rd Street, Suite 900
New York, NY 10011
212 529-0223

**MEMO ENDORSEMENT READS:**
*Application granted. The time to answer or otherwise respond to the Complaint is extended for all defendants to 9/5/08.*
*So ordered.*
*Robert P. Patterson, Jr., U.S.D.J., 7/3/08*

2