UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEVEN ARROYO,

                                  Plaintiff,

              -against-

CITY OF NEW YORK; NYPD OFFICERS JOSEPH
PETRILLO, 52nd Pct., and JOHN DOE, 52ND Pct.

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
BY CITY of NEW YORK and
OFFICER PETRILLO**

JURY TRIAL DEMANDED

08 CV5315 (RPP)

Defendants City of New York and Police Officer Joseph Petrillo, by their attorney

Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the

Complaint, respectfully allege upon information and belief as follows.

      1.  Deny the allegations set forth in paragraph "1" of the Complaint.

      2.  Deny the allegations set forth in paragraph "2" of the Complaint, except admit

plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

      3.  Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "3" of the Complaint.

      4.  Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff was arrested.

      5.  Deny the allegations set forth in paragraph "5" of the Complaint, except admit

defendant Petrillo was employed by the New York City Police Department on January 19, 2008.

      6.  Deny the allegations set forth in paragraph "6" of the Complaint, except admit

that a document purporting to be a notice of claim was served upon the City of New York

Comptroller's Office on February 5, 2008.

7.   Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff was writing graffiti of a street sign located at Bainbridge Avenue and 201st Street in the Bronx on January 19, 2008 at approximately 8:20 pm.

8.   Deny the allegations set forth in paragraph "8" of the Complaint, except admit Plaintiff ran away from the police after he was instructed to stop.

9.   Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit plaintiff was taken to the 52nd Precinct following his arrest and was placed in a holding cell.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Admit the allegations set forth in paragraph "22" of the Complaint that plaintiff's criminal charges remain pending in Bronx Criminal Court.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Paragraph "25" of the Complaint fails to state any averments of fact and accordingly no response is required.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

32. The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

33. Any injuries in the complaint were caused, in whole or in part, by the culpable or negligent conduct of plaintiff.

## FOR A THIRD AFFIRMATIVE DEFENSE

34. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

- 3 -

## FOR A FOURTH AFFIRMATIVE DEFENSE

35. Plaintiff provoked any incident.

## FOR A FIFTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## FOR A SIXTH AFFIRMATIVE DEFENSE

37. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

38. There was probable cause for plaintiff's arrest.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

39. Defendant Petrillo has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## FOR A NINTH AFFIRMATIVE DEFENSE

40. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

WHEREFORE, defendants City of New York, , and Officer Petrillo respectfully request

judgment dismissing the complaint in its entirety, together with the costs and disbursements of

this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 5, 2008

                                                  MICHAEL A. CARDOZO
                                                  Corporation Counsel of the City of New York
                                                  Attorney for Defendants City of New York and
                                                  Officer Joseph Petrillo
                                                  100 Church Street
                                                  Room 3-146
                                                  New York, New York 10007
                                                  (212) 788-1894

                                                  By:
                                                    David M. Pollack (DP-3873)
                                                    Assistant Corporation Counsel

cc: George Wachtel, Esq (By ECF)